THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-24148-CIV-UNGARO/OTAZO-REYES

ERIC NARBONA,

       Plaintiff,

v.

GOLD COAST BEVERAGE DISTRIBUTORS,
INC., a Florida corporation,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Gold Coast Beverage Distributors, Inc.'s ("Gold Coast") Motion for Bill of Costs ("Motion for Costs") [D.E. 48]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Ursula Ungaro, United States District Judge [D.E. 49]. For the reasons stated below, the undersigned respectfully recommends that the Motion for Costs be GRANTED IN PART.

## BACKGROUND

On October 11, 2013, Plaintiff Eric Narbona ("Narbona") filed a Complaint against Gold Coast in state court seeking overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (hereafter, "FLSA"). See Compl. [D.E. 1-2]. Gold Coast removed the action on November 15, 2013 [D.E. 1]. On July 15, 2014, Judge Ungaro granted Gold Coast's Motion for Summary Judgment and entered Judgment in favor of Gold Coast [D.E. 44, 45].

Gold Coast initially sought to recover $2,032.30 in costs. In its Reply, Gold Coast reduced its request to a total of $1,557.30, as follows:

| Item | Amount ($) |
|---|---|
| Filing Fee | 400.00 |
| State Court File Copies | 12.50 |
| Deposition Transcript – Narbona | 415.80 |
| Deposition Transcript – Caridad Pacheco | 177.45 |
| Deposition Transcript – Roderick McDowell | 143.30 |
| Deposition Transcript – Lourdes Barsky | 122.50 |
| Deposition Transcript – Idania Rodriguez | 99.75 |
| Court Reporter Attendance Fee | 120.00 |
| Deposition Exhibit Copies | 66.00 |
| **TOTAL** | **1,557.30** |

## STANDARD OF REVIEW

Pursuant to Rule 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary."). Title 28, United States Code, Section 1920, "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)" Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded by statute on other grounds, Civil Rights

Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071.  Pursuant to Section 1920, a court may award

the following as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  A court may not award costs in excess of those authorized by statute.

Crawford Fitting, 482 U.S. at 445.

## DISCUSSION

Narbona does not contest Gold Coast's entitlement to an award of costs.  He argues,

however, that the Motion for Costs was filed in violation of the Local Rules for the Southern

District of Florida and that Gold Coast is not entitled to some of the costs it seeks under 28

U.S.C. § 1920.

### A.  Local Rules

Local Rule 7.3 requires that a bill of costs be submitted with a memorandum.  S.D. Fla.

L.R. 7.3(c).  Local Rule 7.3 also requires that counsel for a movant asking for costs confer with

opposing counsel in a good faith effort to resolve the issues raised in the motion, as set forth in

Local Rule 7.1(a)(3).  S.D. Fla. L.R. 7.3(c).  Local Rule 7.1(a)(3) states that "[f]ailure to comply

with the requirements of this Local Rule may be cause for the Court to grant or deny the

motion."  S.D. Fla. L.R. 7.1(a)(3) (emphasis added).

Narbona argues that the Motion for Costs was filed without a memorandum of law and

without satisfying the pre-filing conference requirement, all in violation of Local Rule 7.3.

3

While Gold Coast did not submit a memorandum of law in its Motion for Costs, it cured this omission by submitting a memorandum of law in its Reply [D.E. 51]. Thus, it would only delay resolution of this matter to require Gold Coast to refile its Motion for Costs with a memorandum of law. See Estrada v. Alexim Trading Corp., No. 10-23696-CIV, 2012 WL 4449470, at *15 (S.D. Fla. Sept. 26, 2012) (holding that requiring refiling based on a violation of Local Rule 7.3(a) would "elevate form over substance" and result in delay). With regard to the pre-filing conferral requirement, Gold Coast cured this defect in its Reply by reducing its request for costs based on some of Narbona's objections. Thus, the undersigned is exercising her discretion to address the merits of the Motion for Costs.

### B. Specific Objections

Narbona objects to all of the reduced costs sought by Gold Coast except for the $400.00 filing fee.

#### (a) Copies

Under 28 U.S.C. § 1920(4), the prevailing party is entitled to "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Copies of pleadings are recoverable under the statute. Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009) (citing Desisto College, Inc. v. Town of Howey-In-The-Hills, 718 F.Supp. 906, 913 (M.D. Fla. 1989), aff'd, 914 F.2d 267 (11th Cir. 1990), not followed on other grounds by U.S. Equal Emp't Opportunity Comm'n v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000)). Moreover, pursuant to 28 U.S.C. § 1446(a), a defendant seeking to remove a matter to federal court is required to file a copy of "all process, pleadings, and orders served upon such defendant." Because the copies of state court filings were necessary to Gold Coast's removal of this action to federal court, Gold Coast is entitled to these copying costs in the amount of $12.50.

**(b) Deposition Expenses**

Expenses related to "printed or electronically recorded transcripts necessarily obtained for use in the case" are also compensable under 28 U.S.C. § 1920.  Costs should be awarded to the prevailing party for depositions if the depositions are deemed "reasonably necessary." Corines v. Broward Cnty. Sheriff's Office, No. 05-61115-CIV, 2009 WL 790140, at *7 (S.D. Fla. Mar. 24, 2009) (citing Maris Distrib. Co. v. Anheuser-Busch, Inc., 302 F.3d 1207, 1225 (11th Cir. 2002)).  Moreover, "[a] district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions." W&O, 213 F.3d at 621.  The depositions of Narbona, Barsky, Pacheco, and McDowell were cited in the filings related to the summary judgment proceedings.[1]  Therefore, the costs related to these depositions are recoverable.

With respect to the deposition of Rodriguez, the undersigned must determine whether the deposition was "reasonably necessary" to the case. Gold Coast has failed to provide a basis upon which the undersigned can determine whether Rodriguez's deposition was reasonably necessary. Therefore, Gold Coast has not carried its burden for recovery of the costs relating to the deposition of Rodriguez.  Univ. of Miami v. Intuitive Surgical, Inc., No. 04-20409-CIV, 2007 WL 781912, at *1 (S.D. Fla. Mar. 13, 2007) (declining to award costs relating to depositions because the defendant had "not explained why the relevant depositions were taken or how they were used in the case").

---

[1] Gold Coast's Statement of Undisputed Material Facts in Support of its Motion for Summary Final Judgment cites to the deposition of Narbona [D.E. 22 at 2, 4-8]. Narbona's Memorandum of Law in Opposition to Defendant's Motion for Summary Final Judgment cites to the depositions of Barsky, McDowell, Pacheco, and Narbona [D.E. 31 at 2-4, 10-11, 14].  Gold Coast's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Final Judgment cites to the deposition of Barsky [D.E. 43 at 2-3, 8].

**(c) Court Reporter Attendance Fee**

Court reporter attendance fees are taxable as costs.   See, e.g., Joseph v. Nichell's Caribbean Cuisine, Inc., 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013); Rodriguez v. M.I. Quality Lawn Maint., Inc., No. 10-21031-CIV, 2012 WL 664275, at *4 (S.D. Fla. Feb. 9, 2012) report and recommendation adopted by 2012 WL 664274 (S.D. Fla. Feb. 28, 2012); Spatz v. Microtel Inns & Suites Franchising, Inc., No. 11-60509-CIV, 2012 WL 1587663, at *4 (S.D. Fla. May 4, 2012).   Thus, Gold Coast is entitled to court reporter attendance fees in the amount of $120.00 relating to the deposition of Narbona.

**(d) Exhibit Copy Fee**

As discussed above, 28 U.S.C. § 1920(4), allows the prevailing party to recover "the costs of making copies of any materials where the copies are necessarily obtained for use in the case."   The prevailing party must demonstrate that the copies of deposition exhibits were necessary and not made "for the convenience of counsel." George v. Fla. Dep't of Corrections, No. 07-80019-CIV, 2008 WL 2571348, at *6 (S.D. Fla. May 23, 2008); Univ. of Miami, 2007 WL 781912, at *1.   "Whether a prevailing party may recover costs for copies of deposition exhibits depends on the purpose of the copies and, in particular, whether the party otherwise had access to the exhibits." Spatz, 2012 WL 1587663, at *6.

Here, the deposed parties were Gold Coast employees who were instructed to bring Narbona's personnel, time, and workers' compensation records and Gold Coast's fleet records to their depositions [D.E. 51-1].   Because Gold Coast had access to these exhibits, the copies were for the convenience of counsel, hence not recoverable.

**RECOMMENDATION**

Based on the foregoing, it is RESPECTFULLY RECOMMENDED that Gold Coast's Motion for Bill of Costs be GRANTED IN PART and that Gold Coast be AWARDED the sum of $1,391.55 as costs, consisting of the following items:

| Item | Amount ($) |
|---|---|
| Filing Fee | 400.00 |
| State Court File Copies | 12.50 |
| Deposition Transcript – Narbona | 415.80 |
| Deposition Transcript – Pacheco | 177.45 |
| Deposition Transcript – McDowell | 143.30 |
| Deposition Transcript – Barsky | 122.50 |
| Court Reporter Attendance Fee | 120.00 |
| **TOTAL** | **1,391.55** |

The parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Ursula Ungaro, United States District Judge.  See Local Magistrate Rule 4(b).  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED in Miami, Florida this 5th day of September, 2014.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:    U.S. District Judge Ursula Ungaro
       Counsel of Record